## W. H. Conklin v. James M. Graham.

[Filed July 2, 1891.]

The evidence considered, and *held*, sufficient to sustain the verdict, and that there is no error in the record.

Error to the district court for Thayer county. Tried below before Morris, J.

*O. H. Scott*, and *E. O. Kretsinger*, for plaintiff in error.

*M. Savage, contra.*

Cobb, Ch. J.

James M. Graham, plaintiff, commenced his action against W. H. Conklin, defendant, in the district court of Thayer county, in which he alleged, in substance, that in the years 1887 and 1888, the defendant was engaged in the banking business in the town of Hubbell, Nebraska, as proprietor of the Bank of Hubbell; and that during the whole of said years, the plaintiff was engaged in the business of buying and feeding stock, and transacted a large amount of business with the defendant as proprietor of said Bank of Hubbell, the plaintiff from time to time borrowing money from said bank on his notes, depositing his money therein and checking the same out in the usual course of business; that on December 22, 1887, the plaintiff deposited with the defendant, as the proprietor of the said Bank of Hubbell, the sum of $140.63 in a note and cash; the defendant on said day deducted from said deposit the amount due upon a certain note dated December 17, 1887, due one day after date, payable to defendant and by the plaintiff, to-wit, the sum of $33.77, said note being on said day canceled and delivered to the plaintiff, and at the same time the defendant entered on the plaintiff's pass bank

book a deposit of the amount of $66.23, the plaintiff thereby receiving a total credit on said day of $100, whereas the plaintiff should have received credit for the entire amount of said deposit, to-wit, the sum of $140.63, leaving a balance due to the plaintiff from the defendant out of the transaction of December 22, 1887, of $40.63, for which no credit has been given to the plaintiff, nor has the same, or any part thereof, ever been paid to the plaintiff; that none of the checks drawn by the plaintiff on the defendant's said bank, between February 1 and July 7, 1888, were delivered or shown to the plaintiff, until the last mentioned date, at which time the plaintiff and defendant attempted to make a settlement, and at said time the defendant delivered to the plaintiff, among other checks, a certain check, purporting to be signed by the plaintiff, for the sum of $130.45, and charged the same to the plaintiff, the defendant then and there claiming that said check was given in payment of two certain notes of the plaintiff to the defendant, one for $80 dated January 24, 1888, due ten days after date; that he never signed the said check, nor did he ever consent to or authorize any person whomsoever to sign his name to the said check, and he had no knowledge whatsoever of the existence of said check until July 7, 1888; that the two notes above described, and for the payment of which defendant claims that said check was given, were paid by the plaintiff on February 9, 1888, and canceled by the defendant on said day and delivered to plaintiff, in whose possession they have been since that day; that plaintiff has demanded of the defendant that he pay to him the sum of $130.45, being the amount of money wrongfully charged to him by reason of said check, but the defendant wholly refuses so to do, and defendant is indebted to plaintiff in the sum of $130.45, etc., with demand for judgment.

The defendant answered, admitting that he was engaged in the banking business in the town of Hubbell dur-

ing the years 1887 and 1888, and that the plaintiff during
said years was engaged in the business of buying and feed-
ing cattle, and transacted business with the defendant as
proprietor of said bank, as alleged in the first paragraph
of his petition; but denies that on the 22d day of De-
cember, 1887, the plaintiff deposited with the defendant
the sum of $143.63, but said that he only deposited the
sum of $100, and that the note described in plaintiff's pe-
tition for the sum of $33.77 was paid out of said sum, and
the balance, amounting to the sum of $66.23, was placed to
plaintiff's credit.

For answer to the second cause of action, he admitted
that on the 24th day of January, 1888, and on the 28th
day of said month the plaintiff executed and delivered to
the defendant, the two promissory notes described in the
second cause of action, and that on the 9th day of Febru-
ary, 1888, and after said notes became due, the same being
unpaid, the defendant drew a charge check on the account
of the plaintiff for the amount then due thereon, to-wit,
the sum of $130.45, and deducted said sum from a deposit
the plaintiff then had in defendant's bank, and then and
there canceled said notes, and denies that said notes were
ever paid in any other way than as above set forth, etc.

There was a trial to a jury, with verdict and judgment
for the plaintiff. The case comes to this court upon the
following assignments of error:

First—The damages are excessive, appearing to have been
given under the influence of passion and prejudice.

Second—The verdict of the jury is not supported by
sufficient evidence.

Third—The verdict is contrary to law.

Fourth—Errors of law occurring at the trial, duly ex-
cepted to.

Fifth—The court erred in refusing to admit the charge
check dated February 9, 1888, offered by the defendant
in evidence and excluded by the court.

Sixth—The court erred in refusing to give each and every instruction asked by the defendant.

Seventh—The court erred in giving each and every instruction given on its own motion.

Eighth—The court erred in refusing to give to the jury the two instructions asked by the defendant.

Counsel neither in the argument at the bar, nor in the brief, follow these assignments specifically, neither will I in giving the views of the court upon questions presented.

It may be said generally that it is a case of conflicting evidence.

Both parties were sworn as witnesses upon the trial, and they agreed that on the 22d day of December, 1887, the plaintiff executed his note to the defendant for $100 and deposited it in defendant's bank, which was received by defendant on deposit at the value of $100. Plaintiff testifies explicitly that on the same day he made another deposit of $40.63. On the other hand the defendant testifies that on the day stated the plaintiff came into his bank, executed and deposited his note for $100, but took in pay therefor a note of $33.77 and got credit for the balance. After refreshing his memory for the exact amount, as he expressed it, he continued to testify that he wouldn't state the exact amount, and that there were two amounts, but that he got credit for the smaller of the two amounts, $25.60 "as this deposit slip shows," that the balance he took in money and "told us at the time what he wanted that money for." To the question put him by his counsel what was the balance, he answered, $40.63, which he took in money and stated at the time what he wanted the money for. Witness was unable to state what he stated he wanted the money for. To the question put by his counsel, How much money or its equivalent was deposited in your bank on December 22, 1887, he answered, $66.23. To the question, How much was the amount that the plaintiff got credit for at your bank, he answered, $40.63 and $25.60. To the ques-

tion, Over and above that, what other transaction? he answered, he paid the note.

Q. These three credits you gave to him out of what deposits on his part?

A. He gave his note for $100 in payment of that note, and the $25.60, and the $40.63 in money which he took out, and which afterwards during the day he returned, at the time he got the $40.63 in money and the deposit slip of $25.60 and his note.

Q. Did he make another deposit on that day except the $100 note.

A. He didn't make a deposit of the note.

Q. You gave him credit for the $100 note?

A. No, sir.

Q. State how it was.

A. He took up this note for $33.77 and got credit on the books for 25.60 and took out $40.63 in money, which money he afterwards brought in again that same day and got a deposit slip, getting credit on $66.23 deposit.

Taking this evidence of the defendant as true, there was due to the plaintiff upon the transactions of that day, December 22, 1887, the sum of $40.83. Upon this sum, under the instructions of the court, he was entitled to interest at 7 per cent, which would amount, at the date of the verdict, as I figure it, at $3.81, which, added to the above amount, would make $44.64, twenty-six cents more than the amount of the verdict. It is deemed quite unnecessary to comment further upon the evidence on either side, as it is evident that the verdict of the jury was made up in chief from the above testimony of the defendant, and with that evidence before them, they could not have found a verdict for the defendant.

Plaintiff in error's brief makes no complaint of the instructions of the court, nor do I think he could, either as to the instructions given or those refused. Neither do they present the errors of law occurring at the trial contemplated

by the fourth assignment of error. The first assignment, that the damages are excessive, cannot be sustained, the verdict being for a smaller amount than it should have been under the testimony of the defendant himself. The judgment of the district court is

AFFIRMED.

THE other judges concur.